**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 2, 2018[*]
Decided November 6, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 17-2501

| | |
|---|---|
| DARRIAN DANIELS, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 16-1245 |
| | |
| SUSAN PRENTICE, | James E. Shadid, |
| *Defendant-Appellee.* | *Chief Judge.* |

**O R D E R**

Darrian Daniels alleged that Susan Prentice, a lieutenant at Pontiac Correctional Center, sexually assaulted him in retaliation for grievances Daniels had filed against her. After an evidentiary hearing, see *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), the district court entered summary judgment for Prentice because Daniels failed to exhaust his administrative remedies. 42 U.S.C. § 1997e(a). Daniels appeals. Because he argues that the district court's factual findings and conclusions are not supported by the

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

evidence, he was required to submit a transcript of the *Pavey* hearing. FED. R. APP. P. 10(b)(2). He did not, however, and so we are unable to meaningfully review his arguments. We therefore dismiss the appeal.

Daniels's allegations were lurid. He said that on August 4, 2014, Prentice came to his cell and forced him to perform oral sex on her while the other inmates were out in the yard. According to Daniels, Prentice mentioned past grievances Daniels had filed about her and threatened to file a false sexual assault claim against him if he did not perform oral sex on her. Daniels also alleged that she threatened further sexual assaults if he filed a future grievance about her and to have him killed if he told anyone about the encounter.

Daniels brought this suit under 42 U.S.C. § 1983 and attached to his complaint copies of three grievances he had filed. The first two—dated July 8 and July 21, 2014 (before the alleged sexual assault)—charged Prentice with denying Daniels his yard time and refusing to give him water. These grievances allegedly prompted the retaliatory assault. The third grievance—dated December 4, 2014 (after the alleged assault)—complained that Pontiac failed to respond to several grievances Daniels claimed to have filed, including "one sexual harassment grievance."

Prentice moved for summary judgment, arguing that Daniels did not exhaust his administrative remedies because he failed to file a grievance about the alleged sexual assault. The court held a *Pavey* hearing to resolve the disputed question. After the hearing, the court ordered Prentice to supplement her motion for summary judgment with answers to more than 20 questions the court posed about the grievance process at Pontiac, and it ordered Daniels to respond to the original and supplemented summary-judgment motions.

After the parties supplemented the record, the district court granted Prentice's motion for summary judgment. It found that Daniels did not file a timely grievance about the alleged sexual assault. The court acknowledged that, to meet her evidentiary burden, Prentice needed to show more than the absence of a grievance in prison records. See *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011) ("The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving." (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007))). But the court credited the other evidence Prentice submitted, including records of Daniels's grievance activity, Daniels's counseling record, and affidavits explaining the prison's grievance procedure and its Prison Rape Elimination Act plan. The court noted that Daniels's counseling record mentions nothing about a sexual assault and that an investigation under the Prison

Rape Elimination Act would have been triggered immediately if Daniels had filed a grievance about sexual assault; none was.

The court also discredited Daniels's testimony—his primary evidence that he did file the grievance. The court first observed that Daniels had not submitted a copy of the purported grievance despite supplying copies of others he filed both before and after the alleged assault. The court concluded that Daniels's copying of grievances, as well as letters to his counselor, both before and after August 2014, contradicted his claim that prison rules prevented him from copying the sexual-assault grievance. Further, instead of filing this lawsuit when it became clear he would get no response (and therefore did not have an "available" exhaustion process), Daniels waited until shortly before the statute of limitations expired to file his complaint, despite filing multiple other lawsuits for alleged offenses that happened later. And, in concluding that Daniels lacked credibility, the court also relied on the "inconsistency and unreasonableness" of Daniels's explanations and its observation of his demeanor at the *Pavey* hearing.

On appeal, Daniels argues generally that he submitted sufficient evidence to prove that he filed a grievance in August 2014 about the retaliatory sexual assault. He cites his December 2014 grievance and letters he sent to his counselor in August and September 2014, in which he complained about not receiving responses to grievances, including one about unspecified "sexual harassment."

After a *Pavey* hearing, we review a district court's findings of fact and determinations of credibility for clear error while considering conclusions of law *de novo*. *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018). In this case, however, we cannot assess Daniels's argument because we lack a transcript of the *Pavey* hearing. The testimony and exhibits from that hearing are the primary basis for the district court's factual findings and conclusion of law. The court singled out Daniels's contradictory or inconsistent statements at the *Pavey* hearing in finding him not credible. Daniels's failure to include the hearing transcript in the record violates FED. R. APP. P. 10(b)(2), which mandates a transcript if, as Daniels does, the appellant "urge[s] on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence." Without the transcript, we cannot meaningfully review the district court's decision. See *Morisch v. United States*, 653 F.3d 522, 529 (7th Cir. 2011). The judgment of the district court is therefore AFFIRMED.